**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NICHOLAS SINGLETON,

Plaintiff,

vs.

WARREN COUNTY SHERIFF'S OFFICE,

Defendant.

Case No. 1:22-cv-00019

District Judge Timothy S. Black
Magistrate Judge Caroline H. Gentry

## ORDER AND REPORT AND RECOMMENDATION

Pro se plaintiff, a former prisoner at the Warren County Jail,[1] initially filed the instant action in the Lebanon Municipal Court. (Doc. 1, PageID 2.) On November 8, 2021, the action was transferred to the Warren County Court of Common Pleas. (*Id*.) In the complaint, plaintiff brought claims against the Warren County Sheriff's Office, pursuant to 42 U.S.C. § 1983, the Prison Rape Elimination Act (PREA), and Ohio state law. (Doc. 2, PageID 69-71.) Defendant filed a Notice of Removal of the action to the United States District Court on January 12, 2022, based on federal question jurisdiction. 28 U.S.C. § 1331. (Doc. 1, PageID 2.) On January 19, 2022, defendant filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(B)(6) for failure to state a claim upon which relief could be granted. (Doc. 3.) On January 26, 2022, plaintiff filed a motion to amend his complaint to dismiss his federal claims, clarify his state-law claims, and add

[1]Plaintiff was a prisoner at the Warren County Jail at the time he filed his complaint. (*See* Doc. 2, PageID 70-71.)

two individual defendants. (Doc. 4.) Plaintiff's motion also sought to remand the action to the state court. (*Id.*) Defendant opposed the motion to amend on the grounds that plaintiff failed to provide a copy of his proposed amended complaint and that the proposed amendments to the state-law claims would be futile. (Doc. 8.) Plaintiff filed an opposition to the motion to dismiss (Doc. 6), to which defendant replied (Doc. 9.) Plaintiff also filed a proposed amended complaint. (Doc. 10.) On March 17, 2022, defendant filed a motion to dismiss plaintiff's amended complaint. (Doc. 11.)

This matter is before the Court for a *sua sponte* review of the Notice of Removal, which the Court construes as a petition for removal of a state-court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915A(b); Fed. R. Civ. P. 12(h)(3). This matter is also before the Court on defendant's motion to dismiss (Doc. 3), plaintiff's motion to amend and remand (Doc. 4), and defendant's motion to dismiss plaintiff's amended complaint (Doc. 11).

**I. Removal**

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden

of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

To remove a civil action from state court to federal court, a defendant must file in the district court a notice of removal containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant, within thirty days of receiving the complaint or summons, or within thirty days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b). A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

This Court finds that removal was proper in this case. Defendant states that it was served with a copy of plaintiff's complaint in the Warren County Court of Common Pleas on December 20, 2021. (Doc. 1, PageID 2.) Defendant filed its Notice of Removal on January 12, 2022, within the thirty-day time limit imposed by 28 U.S.C. § 1446(a), (b). *See, e.g., Butar v. Hamilton Sundstrand Corp*., No. 09 C 3437, 2009 WL 2972373, at *2 (N.D. Ill. Sept. 11, 2009). Further, plaintiff's complaint raises a federal question by asserting claims pursuant to 42 U.S.C. § 1983 and the PREA. (Doc. 2, PageID 69-70.)

*See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (applying the "well-pleaded complaint" rule to determine whether a claim arises under federal law); s*ee also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (applying "well-pleaded complaint" rule to "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). Where a case is removed because of a federal question, a federal district court acquires subject matter jurisdiction over supplemental state-law claims under 28 U.S.C. § 1367(a).

Accordingly, the Court finds that it has subject matter jurisdiction to consider the matter and that it is removable from state court.

## II. Motion for Leave to Amend[2]

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within 21 days of serving it or within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15 (a)(1)(A)-(B). All other amendments must be made with the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15 is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[2]The Court addresses plaintiff's motion to amend (Doc. 4) first because plaintiff's motion to remand (also contained in Doc. 4) is contingent upon the granting of the motion to amend and defendant's motion to dismiss (Doc. 3) will become moot if the motion to amend is granted.

Defendant filed its motion to dismiss under Fed. R. 12(b)(6) on January 19, 2022. (Doc. 3.) Plaintiff filed his motion to amend his complaint on January 26, 2022, within the requisite 21 days. (Doc. 4.) As noted, defendant opposed the motion to amend on the grounds that plaintiff failed to provide a copy of his proposed amended complaint and that the proposed amendments to the state-law claims would be futile. (Doc. 8.) Plaintiff submitted his proposed amended complaint on March 3, 2022, outside the requisite 21-day period. (Doc. 10.)

Even assuming that plaintiff requires leave of court to amend the complaint, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman*, 371 U.S. at 182 ("[T]he leave sought should, as the rules require, be 'freely given.'"). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

There does not appear to be any bad faith on plaintiff's part or undue delay. Defendant removed the case to this Court on January 12, 2022, and filed its motion to dismiss a week later, on January 19, 2022. Plaintiff filed his motion to amend on January 26, 2022, a week after defendant filed its motion to dismiss and well within the 21-day-period for amending the complaint as a matter of course. (Doc. 4.) Although plaintiff should have filed his proposed amended complaint at that time, *see Williams v. Zumbiel*

*Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005), his motion to amend generally informed defendant and the Court of the nature of the proposed amendments. (*See* Doc. 4.) Further, plaintiff's proposed amended complaint was filed less than three weeks after the 21-day period expired.[3] Moreover, although defendant contests the motion to amend, defendant's challenges focus on the alleged futility of plaintiff's state-law claims. (*See* Doc. 8, PageID 117.) Defendant expressly states that it "would consent to Plaintiff's voluntary dismissal of" the "constitutional claims relating to . . . access to the jail's law library and his PREA claim[.]" (*Id*.)

Under these circumstances, and in accordance with the liberal amendment standard in Rule 15, plaintiff's motion to amend (Doc. 4) is **GRANTED**. Plaintiff's amended complaint (Doc. 10) is now the operative complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009). **The Clerk of Court** is **DIRECTED** to add defendants "Sheriff Larry Sims" and "Major Brett Richardson" to the docket sheet. (*See* Doc. 10, PageID 130, 136.) Although defendant Warren County Sheriff's Office has raised arguments concerning the possible

[3]As set forth above, defendant filed its motion to dismiss on January 19, 2022. (Doc. 3.) The 21-day period for amending the complaint as a matter of course under Fed. R. Civ. P. 15(a)(2) began running on January 20, 2022, and ran until February 9, 2022. *See* Fed. R. Civ. P. 6(a)(1). Three days are then added "after the period would otherwise expire" for service by mail. Fed. R. Civ. P. 6(d). (*See* Doc. 3, PageID 86 (providing that plaintiff was served with the motion to dismiss by mail)). Further, "if the last day [of a time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Applying these rules to plaintiff, the 21-day period for filing a motion to amend as a matter of course expired on February 14, 2022, less than three weeks before he filed his proposed amended complaint on March 3, 2022.

futility of the state-law claims that now comprise the amended complaint, the Court declines to address those matters. As set forth below, the Court believes the best practice is to decline to decide purely state-law issues in the absence of any remaining federal claims and remand this action to the state court for further proceedings.

Further, because plaintiff's amended complaint (Doc. 10) is accepted for filing, the Court **DENIES without prejudice as moot** defendant's motion to dismiss (Doc. 3). *See, e.g.*, *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) ("Defendants' motions to dismiss are technically moot because they are directed at a pleading that is no longer operative").

## III. Motion for Remand

Plaintiff moves the Court to remand the action to the Warren County Court of Common Pleas on that ground that, if the Court grants his motion to amend, the amended complaint contains only state-law claims. (*See* Doc. 4, PageID 93.) Here, plaintiff's amended complaint alleges state-law negligence claims against the defendants. (Doc. 10, PageID 130, 133.)

As an initial matter, the Court notes that "it ha[s] not been divested of . . . jurisdiction by the dismissal of the plaintiff's federal claims." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). However, where a plaintiff's federal law claims are dismissed, a district court "should ordinarily not reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Indeed, the Sixth Circuit "applies a strong presumption against the exercise of supplemental

jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interest of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Moon*, 465 F.3d at 728).

Given the filing of plaintiff's amended complaint, which involves solely state-law claims, and given the early stages of this lawsuit, the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c). *See also Steele v. Lvnv Funding LLC*, No. 3:15-CV-263-TAV-HBG, 2016 WL 593593, at *3 (E.D. Tenn. Feb. 12, 2016) ("This case now involves solely state-law claims, so considerations of comity favor remand."); *Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010) (affirming the district court's conclusion "that exercising supplemental jurisdiction 'would not foster judicial economy and would result in . . . needlessly resolving issues of state law.'"); *Duff v. Yount*, 51 F. App'x 520, 522 (6th Cir. 2002) (affirming district court's decision declining jurisdiction over plaintiff's supplemental state law claims and remanding those claims to state court once it found no basis upon which to exercise federal jurisdiction).[4] Therefore, this action should be **REMANDED** to the Warren County Court of Common Pleas. In light of the

---

[4]In defendant's motion to dismiss plaintiff's amended complaint, defendant suggests that plaintiff dismissed the federal claims from his amended complaint to manipulate the forum. (*See* Doc. 11, at PageID 150.) However, "even if plaintiff attempted to manipulate the forum, that factor alone does not outweigh the other considerations that suggest remanding this action to state court." *Steele*, 2016 WL 593593, at *3.

recommendation to remand this action to the state court, defendant's motion to dismiss plaintiff's amended complaint (Doc. 11) should be **DENIED without prejudice as moot.**

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to amend (Doc. 4) is **GRANTED**. **The Clerk of Court** is **DIRECTED** to add defendants "Sheriff Larry Sims" and "Major Brett Richardson" to the docket sheet.

2. The motion to dismiss (Doc. 3) of defendant Warren County Sheriff's Office is **DENIED without prejudice as moot**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for removal of a state court action (Doc. 1) to this federal court be **GRANTED**.

2. Plaintiff's motion to remand to state court (Doc. 4) be **GRANTED**.

3. This action be **REMANDED** to the Warren County Court of Common Pleas for further proceedings pursuant to 28 U.S.C. § 1367(c).

4. Defendant's motion to dismiss plaintiff's amended complaint (Doc. 11) be **DENIED without prejudice as moot**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).